IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HANNIBAL DWAN EASON, #M03226, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01157-RJD |
| | ) |
| J. B. PRTIZKER, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, ROB JEFFREYS (sued in his official capacity as IDOC Director only), by and through his attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for his Answer and Affirmative Defenses to Plaintiff's complaint [Doc. 1] filed in accordance with this Court's merit review [Doc. 9], states as follows:

### The Complaint

Eason alleges the following:  He was transferred to Menard due to an error by IDOC Administration on October 17, 2018.  (Doc. 1, pp. 40, 43).  Prior to being transferred, he was designated as an inmate who suffers from a serious mental illness ("SMI").  (*Id*. at p. 31).  In order to transfer him to Menard, the SMI designation was deleted from his record.  (*Id*.).  He has attempted to be transferred from Menard and placed in prison where there "is more deaf awareness and deaf inmates[,]" but his requests for a transfer have been denied.  (*Id*. at pp. 16, 43).

**ANSWER: Defendant admits, based upon records, Plaintiff was transferred from Pontiac Correctional Center to Menard Correctional Center on October 17, 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

Eason is hearing disabled, and Menard does not accommodate his communication needs. He was not provided a sign language interpreter during the orientation process when he first arrived at Menard in 2018 and during disciplinary hearings. He continues to be denied the use of a sign language interpreter during medical appointments. (Doc. 1, p. 27, 33-35, 40, 44).

**ANSWER: Defendant admits, based upon records, Plaintiff is hearing disabled. Defendant denies that Menard does not accommodate Plaintiff's communication needs. Defendant further denies, based upon records, Plaintiff is being denied the use of a sign language interpreter during medical appointments. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

Menard also does not provide an adequate and accessible telephone system for hearing disabled inmates. Because Eason is the only inmate at Menard who needs a sign language interpreter or an ADA phone on a constant basis, he is the only hearing disabled inmate at Menard who knows how to use the ADA phone. (Doc. 1, pp. 13, 16). The ADA phone provided does not have a clear connection and frequently "drops" calls. (*Id*. at pp. 14, 16). Eason is forced to spend a majority of his allotted telephone time trying to retain clear reception. (*Id*. at p. 14). Defendants know that the reception for the ADA phone is poor but refuse to transfer Eason to a prison with a working ADA phone and other hearing disabled inmates. (*Id*. at p. 15). Menard provides text-based telecommunications ("TTY," "TDD") and video phone ("VP") equipment that can be used by inmates who are hearing impaired, but the use of these technologies only "garble" the phone call. (*Id*. at p. 15). When Eason is allowed to use the ADA phone, proper procedures are not used by Menard staff. His hands remain cuffed and the quality and conditions of the calls made on the ADA phone are not properly recorded by staff after each use. (*Id*. at pp. 19-24);

**ANSWER: Defendant denies that Menard does not provide an adequate and accessible telephone system for hearing disabled inmates. Upon information and belief, Defendant admits that Plaintiff is the only inmate at Menard who needs a sign language interpreter or an ADA phone on a constant basis. Upon information and belief, Defendant denies that any connection issues on the ADA phone are due to Menard's equipment or staff. Upon information and belief, Defendant denies that the reception for the ADA phone is poor. Defendant admits that Menard provides text-based telecommunications ("TTY," "TDD") and video phone ("VP") equipment that can be used by inmates who are hearing impaired. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

Eason is also not provided the same amount of phone time as other inmates. Inmates who are not hearing disabled are allowed fourteen or more telephone calls a week, and Ron Skidmore, the ADA coordinator at Menard, deliberately refuses to accommodate Eason so that he has the same type of access to phone use. (*Id*. at p. 11-12). Since May 2020, Eason has asked Skidmore twice for five ADA calls per week, but his requests have been ignored. (*Id*. at p. 13). Because Menard does not provide an adequate ADA phone system seven days a week from 8 a.m. until 10 p.m. for inmates with hearing disabilities, Eason is prohibited from meaningful family contact and consistent access to attorneys. (*Id*. at p. 12-13).

**ANSWER: Defendant denies that Plaintiff is not provided the same amount of phone time as other inmates. Upon information and belief, Defendant denies that Ron Skidmore, the ADA coordinator at Menard, deliberately refuses to accommodate Plaintiff so that he has the same type of access to phone use. Defendant denies that Menard does not provide an**

**adequate ADA phone system. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

Specifically, on October 14, 2020, Eason had to call the same person over and over and the connection would not go through or ring at all. (Doc. 1, p. 24). He also tried to call his brother and the interpreter connection was poor. (*Id*. at p. 24). On October 16, 2020, Eason made a call to an attorney and the entire call was choppy, garbled, and unclear. (*Id*. at p. 22). The connection was lost. (*Id*.). Eason redialed and tried to call another associate. On the second try, the phone connection was so poor the phone did not ring. (*Id.* at p. 23). Eason then adjusted the phone cord in an attempt to obtain reception and used the voice-carry-over ("VCO") option to place the call. During the call, Eason's hands were handcuffed and not free, which is required for VCO to work. The call did not work, and Eason ended the call. (*Id*.). Since then, the VCO feature has been disabled. (*Id*.).

**ANSWER: Defendant admits, based on records, that on October 14, 2020, Plaintiff made several phone calls to the same person back to back that lasted less than five minutes. Defendant further admits, based on records, that Plaintiff had phone calls on October 16, 2020. Upon information and belief, Defendant admits that an inmate's hands need to be free in order for the voice-carry-over call option to work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

On October 20, 2020, and October 26, 2020, Eason filed documents in the class action lawsuit, *Holmes v. Godinez,* Case No. 11-cv-02961 (N.D. Ill. 2015), alleging that the defendants in that case were not in compliance with the settlement agreement. (Doc. 1, p. 10). As a result of the court filings, Ron Skidmore met with Eason on October 27, 2020, to discuss ADA matters. At

the meeting, Eason discussed with Skidmore the following: (1) an incident where Wexford workers refused him hearing aid batteries on October 26, 2020; (2) the ineffectiveness of the ADA phone; (3) that he was being refused a head scan that was requested by an audiologist; (4) that his earmolds have been ready since October 2019, and he has never received them; (5) his need for a communication porter for the library; (6) that there is no closed caption provided on Menard movie channels; and (7) the availability of closed caption services during phone use. (*Id*. at p. 10-11). Since the meeting, however, nothing has improved. As of November 1, 2020, the ADA phone was still inadequate. (*Id*. at p. 10). Eason claims he has discussed the issues with the phone on more than three occasions with Skidmore. (*Id.*).

**ANSWER: Defendant admits that on October 20, 2020 and October 26, 2020, Plaintiff filed documents in the class action lawsuit, *Holmes v. Godinez,* Case No. 11-cv-02961 (N.D. Ill. 2015), alleging that the defendants in that case were not in compliance with the settlement agreement. Upon information and belief, Defendant admits Plaintiff met with Ron Skidmore on October 27, 2020 to discuss ADA matters. Upon information and belief, Defendant admits that on October 27, 2020, Plaintiff and Ron Skidmore discussed the following: (1) whether Plaintiff received hearing aid batteries on October 26, 2020; (2) the alleged ineffectiveness of the ADA phone; (3) Plaintiff's scheduled appointment for a head scan by an audiologist; (4) Plaintiff's request for a communication porter for the library; and (5) closed caption being provided on Menard movie channels. Defendant denies that the ADA phone is inadequate. Upon information and belief, Defendant admits Plaintiff has discussed the issues with the phone on more than three occasions with Ron Skidmore.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

Eason states that because his disability is not being accommodated, he is exploited by staff members and other inmates. (Doc. 1, p. 25). Eason is made fun of by the correctional officers assigned to his gallery, has been assaulted by Menard staff on more than one occasion since October 17, 2020, and mistreated by the orange crush team after knowing that he has difficulties hearing. (*Id*. at pp. 37, 39, 45). He is also excluded from services, programs, and activities. (*Id*. at pp. 13, 27). Because he is denied accommodation for his hearing disability and targeted by staff, Eason experiences severe isolation. (*Id*. at p. 12).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Defendant denies violating Plaintiff's constitutional rights.**

While Eason's constitutional claims brought under Section 1983 and claims for violation of the *Holmes* settlement agreement are dismissed, the Court finds that Eason has stated a successful statutory claim under the ADA. Accordingly, the Court designates the following count.

> **Count 1**: Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Defendants for failing to accommodate Eason's hearing loss.

**ANSWER:        Defendant denies the violations alleged in Count 1.**

### JURY DEMAND

Defendant denies Plaintiff is entitled to any relief whatsoever.

### RELIEF REQUESTED

Defendant demands a jury on all triable issues.

### AFFIRMATIVE DEFENSES

**A. Eleventh Amendment Sovereign Immunity**

Plaintiff's claim for monetary damages against Defendant under the ADA is precluded by the Eleventh Amendment. Although the Seventh Circuit has held that RA claims may proceed, an

ADA claim may only proceed with a showing of a constitutional violation. See, e.g., United States v. Georgia, 546 U.S. 151, 159 (2006); Jaros v. Ill. Dept. of Corr., 684 F.3d 667, 672, n. 5 (7th Cir. 2012).

### B. Administrative Exhaustion

Plaintiff has filed suit concerning incidents which occurred while Plaintiff was incarcerated within the Department of Correction. Plaintiff has failed to properly exhaust administrative remedies as is required prior to filing suit under 42 U.S.C. §1983 and his claims are, therefore, barred by the Prison Litigation Reform Act (42 U.S.C. §1997e(a) and Perez v. Wisconsin Dept. of Corrections, 182 F. 3d 532 (7th Cir. 1999).

### C. Compensatory Damages Barred

Compensatory damages are only available when an ADA or RA violation is the result of "intentional discrimination." Lacy v. Cook Cty., 897 F.3d 847, 862 (7th Cir. 2018). Because Plaintiff will be unable to show intentional discrimination, he is barred from seeking compensatory damages.

### D. Punitive Damages Barred

Punitive damages are not available under the ADA or RA. Barnes v. Gorman, 536 U.S. 181, 189 (2002). Accordingly, to the extent Plaintiff seeks punitive damages in this action, he will be prohibited from seeking such relief.

WHEREFORE, Defendant respectfully request that this Court enter judgment in his favor and deny any relief to Plaintiff.

Respectfully submitted,

ROB JEFFREYS (sued as IDOC Director),

Defendant,

| | |
|---|---|
| Sheree Davis, #6326801<br>Assistant Attorney General<br>Metro East Office<br>201 West Pointe Drive, Suite 7<br>Belleville, Illinois  62226<br>(618) 236-8781 Phone<br>(618) 236-8620 Fax<br>E-mail: SDavis@atg.state.il.us<br>         gls@atg.state.il.us | KWAME RAOUL, Illinois Attorney General,<br><br>Attorney for Defendant,<br><br>By:    s/Sheree Davis<br>Sheree Davis<br>Assistant Attorney General |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| HANNIBAL DWAN EASON, #M03226, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01157-SPM |
| ) | |
| J. B. PRTIZKER, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2021, the foregoing document, ***Answer and Affirmative Defenses***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on March 25, 2021, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant(s):

Hannibal Dwan Eason, #M03226
Menard Correctional Center
Inmate Mail/Parcels
PO Box 1000
Menard, IL 62259

    Respectfully Submitted,

By:   s/Sheree Davis
    Sheree Davis, #6326801
    Assistant Attorney General
    Metro East Office
    201 West Pointe Drive, Suite 7
    Belleville, Illinois  62226
    (618) 236-8781 Phone
    (618) 236-8620 Fax
    E-mail: SDavis@atg.state.il.us
        gls@atg.state.il.us