IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNIBAL DWAN EASON, #M03226, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-1157-RJD |
| | ) |
| ROB JEFFREYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections (IDOC), filed this lawsuit pro se and *in forma pauperis* pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA"). Plaintiff's Complaint alleges that he is hearing disabled and that his communication needs were not being accommodated at Menard Correctional Center ("Menard"). Plaintiff has since transferred to Pinckneyville Correctional Center ("Pinckneyville"). The Court conducted a threshold review pursuant to 42 U.S.C. §1915A and found that Plaintiff's Complaint stated a colorable claim pursuant to the ADA and the Rehabilitation Act, 29 U.S.C. §794 (Doc. 9). Plaintiff's ADA and RA claim is against Rob Jeffreys, in his official capacity as Director of IDOC. Since the threshold review order, Plaintiff filed multiple pleadings requesting injunctive relief, and requesting that the Court allow him to supplement his Complaint. Defendant did not file any responses to these pleadings.

**Motions for Temporary Restraining Order (Docs. 21, 26, 27, 30, 34, 35, and 36)**

Plaintiff's motions describe a myriad of problems he encountered at Menard Correctional

Center, including racial profiling, harassment and assault by prison staff, and IDOC's failure to abide by a settlement agreement from a class action lawsuit involving deaf and hearing-impaired inmates that was litigated in the Northern District of Illinois.[1]  These claims were included in Plaintiff's Complaint (Doc. 1).  As the Court noted in the threshold review Order, Plaintiff failed to make specific allegations tied to any named Defendants in the Complaint related to staff mistreatment, and therefore failed to state a colorable claim related to Plaintiff's constitutional rights (Doc. 9).  The only pending claim in this case is the ADA and RA claim related to accommodations for Plaintiff's hearing impairments.  A motion for injunctive relief is not a proper vehicle for Plaintiff to renew claims that were dismissed in the threshold review order.

However, within the Motions for Temporary Restraining Order (Docs. 21, 26, 27, 30, 34, 35, and 36), Plaintiff also alleges that IDOC intentionally sent him to Menard where he would be isolated as the only hearing-impaired inmate at that facility (Doc. 27, p.1).  Prison staff at Menard were unwilling to accommodate Plaintiff's needs and follow his "ADA plan" that included an interpreter and assisted phone calls (Doc. 21, p. 30).  The administrators at Menard tried to transfer Plaintiff to Pinckneyville in November 2018, but "IDOC Administration" denied the

---

[1]     Plaintiff previously filed a "Motion for the Court's Order and for Temporary Restraining Order, as well as a Motion for Copy of Order and Transcript, if Available."  He did not sign that document and it was therefore stricken, with instructions to Plaintiff that he could re-file it after adding his signature (Doc. 18).  He has re-filed this motion in a pleading titled "Request for Leave to Refile the Motion for Orders and for Attached Exhibits to be Allowed with Motion" (Doc. 21) that is signed.  He asks for leave to re-file "Motion for Orders and for Attached Exhibits to Be Allows with Motion" and this request is DENIED AS MOOT because the Court had already found that that he could re-file these documents, and Plaintiff has already re-filed them.  The Court will consider Plaintiff's "Request for Leave to Refile the Motion for Orders and for Attached Exhibits to be Allowed with Motion" as one pleading because the same court actions are repeatedly requested throughout this document, though different pages are titled as different motions.
         In addition to requesting a temporary restraining order in Doc. 21, Plaintiff also states that he did not receive a full copy of the Court's threshold review Order (Doc. 9) and asks for a copy.  This request is GRANTED.  The Clerk of Court is directed to send Plaintiff a copy of the threshold review Order (Doc. 9).  Plaintiff also requests a "transcribed version of what took place" on November 30, 2020. Plaintiff is advised that there was no proceeding that took place on November 30, 2020.  The Court's findings are all included in the threshold review order (Doc. 9).

transfer at that time (Doc. 21, p. 28).  The nursing staff at Menard refused to give him the batteries for his hearing aid (Doc. 26, p. 2).  Plaintiff asked the Court to order his transfer from Menard (Doc. 30, p. 12; Doc. 34, p. 1; Doc. 35, p. 11: Doc. 36, p. 6).  These allegations are related to Plaintiff's ADA and RA claim pending in this matter, but Plaintiff transferred to Pinckneyville Correctional Center after he filed the motions.  Generally, a prisoner's request for preliminary injunctive relief relevant to a particular institution is moot once the prisoner transfers to another facility.  *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Plaintiff's allegations in the Motions for Temporary Restraining Order regarding his hearing accommodations were specific to Menard.  Because Plaintiff was transferred to Pinckneyville, Plaintiff's Motions for Temporary Restraining Order (Docs. 21, 26, 27, 30, 34, 35, and 36) are DENIED AS MOOT.

### Motion for Leave that Court Permit Herein and all Availed to Jeffreys Be Incorporated in Jeffreys 2/1/21 Response (Doc. 22)

In this motion, Plaintiff informs the Court that he does not "mind extensions requested by Defendants unless it unreasonably jeopardizes his safety" (Doc. 22, p. 1).  He then goes on to express the social injustice he faces as an inmate of the IDOC.   Defendant Jeffreys is not currently requesting any extensions, and this motion is therefore DENIED AS MOOT.

### Motion for How to Proceed (Doc. 23)

In this motion, Plaintiff tells the Court that the prison staff at Menard mishandled his mail.  This motion is unrelated to Plaintiff's claims in this suit, but in any event Plaintiff is no longer incarcerated at Menard and this motion is DENIED AS MOOT.

### Request for Leave to Submit Affidavits (Doc. 40)

After his transfer to Pinckneyville (Doc. 37), Plaintiff asked the Court for leave to submit

affidavits where he described staff mistreatment at Menard related to handling of grievances, inmate trust accounts, and legal mail. Plaintiff was also physically and sexually assaulted by a correctional officer at Menard. Plaintiff states that he "is now in Pinckneyville, attempting to wrap his head around the many violations that occurred between 3-4-21 and 4-23-21." The Court construes this Request for Leave to Submit Affidavits as an attempt to add claims and/or parties to this case. The Court will not accept piecemeal complaints, and therefore this motion is DENIED. To add claims and/or parties to this case, Plaintiff must file a Motion for Leave to Amend his Complaint, and he must submit a proposed amended Complaint. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("amended complaint supersedes an original complaint and renders the original complaint void"); SDIL Local Rule 15.1. If Plaintiff files a Motion for Leave to Amend his Complaint and submits a proposed amended complaint, Defendant will have an opportunity to object. The Court will then rule on Plaintiff's Motion for Leave.

**Motion for Recruitment of Counsel and Request of Status and to be Allowed to Submit Exhibit 1 (Doc. 41)**

When presented with a request to appoint counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously outlined reasonable attempts to obtain counsel (Doc. 3), so the issue for the Court to consider is whether Plaintiff appears competent to litigate *pro se* in light of the complexity of the case. *Id*. Plaintiff describes issues related to using the law library at Pinckneyville as justification for recruitment of counsel. As the case currently stands, it involves one claim against one defendant. The central issue raised in this claim-whether Plaintiff's hearing impairment is reasonably accommodated-is not complex. Defendant raised

exhaustion of administrative remedies as an affirmative defense, an issue that is also not complex. In previous pleadings, Plaintiff demonstrated his ability to recall and describe events related to the grievance process (see. e.g., Doc. 35). Consequently, Plaintiff's Motion for Recruitment of Counsel is DENIED. If circumstances change, and/or after the exhaustion issue is resolved, Plaintiff may file another motion setting forth all the facts that support his request for recruitment of counsel.

Finally, Plaintiff asked to be allowed to submit "Exhibit 1", which appears to be correspondence related to mail services at Menard. As explained above, if Plaintiff wants to amend his complaint to add a new claim and/or party, he must file a Motion for Leave to Amend his Complaint and he must submit a proposed amended complaint. The Court will not accept piecemeal complaints and therefore this request is DENIED. To the extent Plaintiff requests an update on the status of his case, this Order and the Scheduling Order (Doc. 43) provide him with an update and this request is therefore DENIED AS MOOT.

## SUMMARY

Plaintiff's Motions for Temporary Restraining Order (Docs. 21, 26, 27, 30, 34, 35, and 36) are DENIED AS MOOT. Plaintiff's request (found in Doc. 21) for a full copy of the Court's threshold review Order is GRANTED. The Clerk of Court is directed to send Plaintiff a copy of the threshold review Order found Doc. 9.

Plaintiff's "Motion for Leave that Court Permit Herein and all Availed to Jeffreys Be Incorporated in Jeffreys 2/1/21 Response" (Doc. 22) is DENIED AS MOOT. Plaintiff's "Motion for How to Proceed" (Doc. 23) is DENIED AS MOOT.

Plaintiff's Request for Leave to Submit Affidavits (Doc. 40) is DENIED. Plaintiff's Motion for Recruitment of Counsel and Request of Status and to be Allowed to Submit Exhibit 1

(Doc. 41) is DENIED.

**IT IS SO ORDERED.**

**DATED:   September 7, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**