IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HANNIBAL DWAN EASON, #M03226, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1157-RJD |
| | ) | |
| ROB JEFFREYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections (IDOC), filed this lawsuit pro se and *in forma pauperis* pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA"). Plaintiff's Complaint alleges that he is hearing disabled and that his communication needs were not being accommodated at Menard Correctional Center ("Menard"). After filing the Complaint, Plaintiff transferred to Pinckneyville Correctional Center ("Pinckneyville") and then to Dixon Correctional Center ("Dixon"). The Court conducted a threshold review pursuant to 42 U.S.C. §1915A and found that Plaintiff's Complaint stated a colorable claim pursuant to the ADA and the Rehabilitation Act, 29 U.S.C. §794, against Rob Jeffreys in his official capacity as Director of IDOC. After the deadline for dispositive exhaustion motions came and passed (with no motion from Defendant who had raised exhaustion as an affirmative defense), the parties were given a discovery deadline of September 16, 2022 and a dispositive motion deadline of October 14, 2022 (Doc. 53). Plaintiff has filed various motions (discussed below); Defendant did not respond to any of the motions.

As a preliminary matter, Plaintiff alleges in his motions that the Attorney General's office and other state employees and elected officials are conspiring against him. He is troubled that Defendant raised the administrative remedy exhaustion defense and then did not file a motion for summary judgment or a motion to withdraw the defense, particularly because the Court noted that one of the reasons for denying Plaintiff's previous motions for recruitment of counsel was that he appeared competent to litigate the exhaustion issue. Nothing before the Court suggests that Defendant's failure to file a motion for summary judgment (or motion to withdraw the defense), while neglectful, was an act of bad faith that requires further action from the Court. Once the deadline for exhaustion motions passed with no motion from Defendant, the Court entered a Scheduling Order for discovery on the merits of Plaintiff's claims (Doc. 53). Plaintiff is also troubled that the Court granted Defendant's HIPAA Protective Order the day after the motion was filed, while he has had to wait longer for rulings on his motions. The Court routinely grants HIPAA protective orders to aid in discovery involving medical issues.

**Motions for Recruitment of Counsel (Docs. 47, 54, and 55)**

When presented with a request to recruit counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously outlined reasonable attempts to obtain counsel (Doc. 3), so the issue for the Court to consider is whether Plaintiff appears competent to litigate *pro se* in light of the complexity of the case. *Id*. As the Court has previously explained, the issue in this case-whether Plaintiff's hearing impairment is reasonably accommodated-is not complex. Plaintiff contends that the Court should recruit an attorney for him because he is mentally disturbed and that counsel for Defendant is manipulating Plaintiff's access to the ADA phones and law library and otherwise abusing the discovery process (Doc. 47). He wants to amend his

complaint, but believes that only an attorney would be able to identify the names of potential defendants (*Id.*).

Plaintiff's motion fails to provide a sufficient justification to the Court for recruiting counsel for him. Civil litigation is not foreign to Plaintiff, as he has given a deposition in at least two other civil cases involving his hearing disability. *Holmes v. Godinez*, 311 F.R.D. 177, 187 (N.D. Ill. Oct. 8, 2015); *see also Eason v. Jeffreys*, Case No. 18-cv-2553 (N.D. Ill. July 7, 2021). In the *Holmes* case, Plaintiff was one of 11 class members represented by counsel who filed suit against IDOC officials regarding accommodations for inmates with hearing disabilities. That case settled and was recently re-opened. In Plaintiff's other case against Rob Jeffreys, the U.S. District Court in the Northern District of Illinois appointed counsel for him, finding that litigation involving accommodations for Plaintiff's hearing disability would require the development of potentially complicated medical evidence. That case has also settled. However, nothing in the record in this case-Plaintiff's third lawsuit against the Director of the IDOC involving accommodations for his hearing disability-suggests that complicated medical evidence has arisen or will arise in this case. Plaintiff simply alleges that the sign language interpreters were not available at Menard and that the "ADA phone" at Menard "dropped" his calls and the connection was poor, resulting in Plaintiff receiving less time to talk to his family and various attorneys (Doc. 1, p. 12-16).

Moreover, Plaintiff appears to be reasonably competent to litigate this matter on his own. He claims that the undersigned should appoint counsel for him because he does not know the law. In Plaintiff's other cases involving hearing accommodations within the IDOC, Plaintiff routinely prepares and files pleadings on his own behalf even though he is represented by multiple attorneys. The pleadings in those cases reflect that he has an adequate understanding of court rules and ADA

legal issues.[1]

Likewise, in this case, Plaintiff continues to sufficiently present information and arguments to the Court. He apparently understands the Court's orders and is aware of the obligations and responsibilities involved in litigating this matter. To the extent that Plaintiff needs to determine the names of prison staff so that he can amend his complaint, he has not provided the Court with any reason why he could not simply ask Defendant for that information in Interrogatories or Requests for Production. Plaintiff's Motions for Recruitment of Counsel (Docs. 47, 54, 55) are therefore DENIED.

**Motion for Leave to Express Prejudice (Doc. 48)**

Plaintiff was previously given a deadline of December 7, 2021 to file an amended complaint, if he wished to do so, but was also informed that after that date he would still be able to amend his complaint "for good cause shown" (Doc. 43). Plaintiff contends that Defendant raised the exhaustion defense so that he would not be awarded counsel prior to the deadline for amending his complaint, because the Court noted that one reason for denying Plaintiff's previous motions for recruitment of counsel was that he appeared competent to litigate the exhaustion issue. As previously explained, nothing before the Court suggests that defense counsel acted in bad faith by failing to file a motion for summary judgment on exhaustion or a motion to withdraw the defense. Moreover, Plaintiff is advised that the Court grants leave to amend a complaint freely "when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff must, however, establish that there is good cause for the amendment[s]. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

In any event, Plaintiff's Motion for Leave to Express Prejudice is DENIED because he did

---

[1] See, e.g., Case #18-cv-1153 Docket Entries 86 (p. 8), 107, 148; Case #11-cv-2961 Docket Entries 750, 754, 765.

not request any specific relief. For example, while he informed the Court that he intends to amend his complaint, he has not yet asked for leave to do so.

**Motion for Extension of Time, for Counsel, for Productions, for Expert Witnesses and Interpreters (Doc. 56)**

Plaintiff represents to the Court that he has not engaged in the discovery process because he has been waiting for the Court to recruit counsel for him and therefore requests more time to conduct discovery. This request is DENIED WITHOUT PREJUDICE because Plaintiff does not identify what discovery he intends to complete and therefore the Court cannot determine whether good cause exists to modify the current Scheduling Order.

Plaintiff also makes another request for recruitment of counsel, citing his inability to "have minimum focus" and that he takes anxiety medication. As previously noted, Plaintiff's anxiety and lack of focus have not prevented him from understanding the Court's Orders, appreciating the deadlines in this case, and submitting pleadings that reflect a sufficient understanding of the issues in this case. This request is DENIED.

Plaintiff also informs the Court that he cannot force Defendant to produce documents in accordance with the Rules of Civil Procedure. To the extent that Plaintiff believes Defendant has not properly responded to his Requests for Production, Plaintiff may file a Motion to Compel that specifically identifies the Request[s] and the Response received from Defendant. Plaintiff does, however, report that he did not receive Defendant's Initial Disclosures. On or before **August 18, 2022**, Defendant shall provide Plaintiff with Defendant's Initial Disclosures. Plaintiff also requests his updated medical records. On or before **September 9, 2022**, Defendant shall provide Plaintiff with Plaintiff's updated medical records. Plaintiff is reminded that prior to filing a Motion to Compel, he should make a good faith effort to confer with defense counsel to resolve

the issue without court intervention. For example, if Plaintiff has not received Defendant's written discovery, he should first contact counsel for defendant and ask her to send it to him (or re-send, if necessary).

Plaintiff requests that the Court appoint an expert in this matter. To succeed on his claim against Defendant, Plaintiff must establish that he has a hearing disability and the programs and services at the prison are inaccessible to (or unusable by) him because of his hearing disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (internal citations and quotations omitted); 28 C.F.R. §35.149. Plaintiff has not presented any facts or issues to the Court that suggest expert testimony is necessary for the Court to evaluate the evidence in this matter. *See Giles v. Godinez*, 914 F.3d 1040, 1053 (7th Cir. 2019). For example, a lay person can understand Plaintiff's testimony that when he tried to use the ADA phone at Menard, the conversation was "choppy, garbled and unclear" (Doc. 1, p. 22). Plaintiff's request is DENIED without prejudice.

Plaintiff has also requested a sign language interpreter. This request is denied at this time simply because the next hearing in this matter is the final pretrial conference, set for July 31, 2023; the Court declines to arrange for an interpreter for a setting that is nearly one year in the future. Plaintiff may renew this request as necessary for any other hearings that are scheduled, and should renew his request sixty days before the final pretrial conference.

## SUMMARY

On or before **August 18, 2022**, Defendant shall provide Plaintiff with Defendant's Initial Disclosures. On or before **September 9, 2022**, Defendant shall provide Plaintiff with Plaintiff's updated medical records. Plaintiff's motions (Docs. 47, 48, 54, 55, 56) are otherwise DENIED WITHOUT PREJUDICE. Plaintiff may renew his request for an interpreter as necessary for any hearings that are scheduled and should renew the request for an interpreter sixty days before the

final pretrial conference.

**IT IS SO ORDERED.**

**DATED:   August 11, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**