IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNIBAL DWAN EASON, #M03226, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROB JEFFREYS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 20-cv-1157-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections (IDOC), filed this lawsuit pro se and *in forma pauperis* pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA"). Plaintiff's Complaint alleges that he is hearing disabled and that his communication needs were not being accommodated at Menard Correctional Center ("Menard"). After filing the Complaint, Plaintiff transferred to Pinckneyville Correctional Center ("Pinckneyville") and then to Dixon Correctional Center ("Dixon"). The Court conducted a threshold review pursuant to 42 U.S.C. §1915A and found that Plaintiff's Complaint stated a colorable claim pursuant to the ADA and the Rehabilitation Act, 29 U.S.C. §794, against Rob Jeffreys in his official capacity as Director of IDOC. This matter comes before the Court on various motions filed by the parties.

**Motion to Instruct Defendants (Doc. 61)**

Plaintiff asks the Court to Order the Defendant to perform (or refrain from) the following acts: 1) stop manipulating the ADA phone; 2) to allow Plaintiff to visit the library and access his

"legal boxes"; 3) stop "locking down" Dixon Correctional Center on weekdays from 7am to 3pm "periodically" due to staffing shortages.  To the extent Plaintiff is seeking injunctive relief, Plaintiff's requests related to lock downs, the library, and access to legal boxes are not related to his underlying claims, as is required for the Court to issue such an Order.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Regarding the ADA phone,  Plaintiff simply states that he is not provided the same access to the phone "every day and during each shift" as other inmates. He does not give the Court any indication how his shortened phone access time is causing him irreparable harm.  *See id*.  Therefore, Plaintiff's Motion (Doc. 61) is DENIED.

**Motion "to Request Leave to File Motion to Object to Defendant's Initial Disclosure" (Doc. 64)**

Though titled a Motion for Leave, Plaintiff voices his objection to Defendants' Initial Disclosures, stating his belief that Defendant has "not turned over each grievance filed since 2018 and responses to such."  Defendant was not required to produce every grievance Plaintiff has filed since 2018; only those grievances that are relevant to the allegations in this case were to be included in Defendant's Initial Disclosures" (Doc. 43).  From the statement filed by Defendant, it appears that Defendant produced more than 2000 documents (including medical records) to Plaintiff  (Doc. 63).   If Plaintiff believes that there are specific grievances that have been withheld that are related to the allegations in this case, he should first contact defense counsel with specific information regarding the grievance(s) that were not disclosed.  If further Court intervention is necessary, he may renew his Motion to Compel, providing the Court with 1) as many details as possible about the grievance(s) that was/were not produced; and 2) the correspondence between him and defense counsel regarding the grievance(s).   Plaintiff's Motion (Doc. 64) is DENIED.

**Plaintiff's Motion "for Counsel, a phone call with the Judge or phone call with Defendant's Attorney for Mr. Eason is afraid he doesn't know what IDOC is trying to do to him or with him other then deceptionary receiving federal funds on his behalf and are not accommodating his ADA and rehabilitative needs" (Doc. 68)**

In this motion, Plaintiff contends that he was informed by prison staff that his deposition that was scheduled for August 29, 2022 was cancelled, but he does not know "how can he be sure" that the deposition was actually cancelled. Court filings show that Plaintiff's deposition occurred on November 16, 2022 (Doc. 78).

Plaintiff submits a memorandum from a staff member at Dixon Correctional Center that indicates a repairman was going to inspect the ADA phone on "Friday for repairs"; this memorandum is dated August 18, 2022, which was a Friday (Doc. 68, p. 2). Plaintiff asks the Court to compare this memorandum to a notice filed by Defendant's counsel on August 23, 2022 that stated Dixon personnel were "currently unaware" of any issues with the ADA phones at Dixon (Doc. 65). Counsel also stated that the phones were checked monthly for any issues (*Id*.). The Court does not see any obvious contradictions between the memorandum dated August 18, 2022 (which states that the phone would either be inspected for repairs) and defense counsel's statement that personnel were unaware of issues on August 23, 2022.

Overall, Plaintiff has not provided the Court with information that reflects Defendant or his counsel has been deceptive. Plaintiff's request for counsel provides the Court with no new information or circumstances to consider since the Court last ruled on Plaintiff's Motions for Recruitment of counsel and therefore this Motion (Doc. 68) is DENIED.

**Motion to Issue Ruling to Rob Jeffreys to Release Plaintiff from Segregation Immediately (Doc. 71)**

In what appears to be another motion seeking injunctive relief, Plaintiff contends that he was placed in segregation by an officer who "switched the narrative" after Plaintiff "wrote up"

that particular officer. Plaintiff was not able to use the ADA phone for 25 days and submitted a grievance, but did not immediately receive access to the ADA phone. Plaintiff's claim regarding his allegedly retaliatory placement in segregation is not related to his allegations against Defendant Jeffreys in this case and therefore the Court cannot issue injunctive relief related to Plaintiff's placement in segregation. *Devose*, 42 F.3d at 471 (8th Cir. 1994). Moreover, while Plaintiff informs the Court that he was not able to use the ADA phone for 25 days, he again fails to provide the Court with any specific explanation as to how he is suffering irreparable harm, which is a requirement for injunctive relief. *See id*.

Plaintiff also lists documents that he wants Defendant to produce to him. Because Plaintiff does not indicate that he properly served this list of documents to Defendant as a Request for Production pursuant to Federal Rule of Civil Procedure 34, and that Defendant failed to respond, the Court will not compel Defendant to produce these items. Plaintiff's Motion (Doc. 71) is DENIED.

**Motion for Counsel and Objection to Defendants and their Attorneys' Unconstitutional Practices (Doc. 74)**

As a preliminary matter, the Court notes that there is only one Defendant in this case, Rob Jeffreys. Plaintiff's motion found at Doc. 74 vaguely describes Constitutional violations by many state actors for the last forty years. Plaintiff again states that he was erroneously placed in segregation and requests counsel. The Court considers whether Plaintiff's placement in segregation warrants the recruitment of counsel.

When presented with a request to recruit counsel, the Court first determines whether the indigent plaintiff made a reasonable attempt to obtain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously outlined reasonable attempts to obtain counsel (Doc. 3),

so the issue for the Court to consider is whether Plaintiff appears competent to litigate *pro se* in light of the complexity of the case. *Id.* As the Court has previously explained, the issue in this case-whether Plaintiff's hearing impairment is reasonably accommodated-is not complex. Moreover, Plaintiff has participated in at least two other civil suits regarding the same subject matter. *Holmes v. Godinez*, 311 F.R.D. 177, 187 (N.D. Ill. Oct. 8, 2015); *see also Eason v. Jeffreys*, Case No. 18-cv-2553 (N.D. Ill. July 7, 2021). Plaintiff has filed two motions since he has been placed in segregation, so the Court finds that his ability to participate in this case has not been significantly affected by his placement in segregation (Docs. 71 and 74). Plaintiff's Motion (Doc. 74) is therefore DENIED.

**Motion for Extension of Time to Complete Discovery (Doc. 77)**

The discovery deadline in this case was November 15, 2022 (Doc. 73). On November 22, 2022, Defendant's attorney requested that the deadline be moved to November 23, 2022, as she had scheduled Plaintiff's deposition for that date after inadvertently overlooking the discovery deadline; counsel explains that a sign language interpreter to assist Plaintiff during the deposition was not available until November 23, 2022. It appears from a motion subsequently filed by Plaintiff that the deposition took place on November 23, 2022 (Doc. 78). For good cause shown, the Court deems November 23, 2022 as the discovery deadline and Defendant's Motion (Doc. 77) is GRANTED.

**Renewed Motions for Recruitment of Counsel (Docs. 76 and 78)**

Plaintiff's Renewed Motions for Recruitment of Counsel present no new information for the Court to reconsider its prior rulings and are therefore DENIED. Plaintiff requests a status update (Doc. 76) and that request is GRANTED. The Court received Plaintiff's Motion for Declaratory Judgment (Doc. 75) and is treating it as a dispositive motion. The Court will issue a

ruling as soon as practicable.

## SUMMARY

The following motions filed by Plaintiff are DENIED:

    Motion to Instruct Defendants (Doc. 61)

    Motion "to Request Leave to File Motion to Object to Defendant's Initial Disclosure" (Doc. 64)

    Plaintiff's Motion "for Counsel, a phone call with the Judge or phone call with Defendant's Attorney for Mr. Eason is afraid he doesn't know what IDOC is trying to do to him or with him other then deceptionary receiving federal funds on his behalf and are not accommodating his ADA and rehabilitative needs" (Doc. 68)

    Motion to Issue Ruling to Rob Jeffreys to Release Plaintiff from Segregation Immediately (Doc. 71)

    Motion for Counsel and Objection to Defendants and their Attorneys' Unconstitutional Practices (Doc. 74)

    Renewed Motions for Recruitment of Counsel (Doc. 78)

Plaintiff's Renewed Motion for Recruitment of Counsel found at Doc. 76 is DENIED but his request for a status update is GRANTED as explained in this Order.

Defendant's Motion for Extension of Time to Complete Discovery (Doc. 77) is GRANTED. The Scheduling Order is amended to reflect that the discovery deadline was November 23, 2022.

**IT IS SO ORDERED.**

**DATED:   December 15, 2022**

                                                           *s/ Reona J. Daly*
                                                           **Hon. Reona J. Daly**
                                                           **United States Magistrate Judge**