IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNIBAL DWAN EASON, #M03226, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-1157-RJD |
| LATOYA HUGHES, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on multiple motions by Plaintiff, requesting the Court recruit counsel for him and for the undersigned to recuse herself (Docs. 82, 90, 91, 97-99, and 102). Plaintiff has not established a sufficient basis for recusal. *See* 28 U.S.C. § 144; 28 U.S.C. § 455 (a), (b). He disagrees with the undersigned's handling of the case but does not assert a set of facts supporting a conclusion of bias or personal prejudice. *Liteky* v. United States, 510 U.S. 540 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion"). Accordingly, Plaintiff's Motions for Recusal (90, 91, 97-99) are DENIED.

Plaintiff's pending motions for recruitment of counsel were all filed prior to the Court's ruling on summary judgment motions. The Court previously found Plaintiff capable of representing himself through the discovery and dispositive motion stages of this case. Docs. 44, 58, and 66. Plaintiff's ADA/RA claim for compensatory damages survived Defendant's summary judgment motion and will now proceed to a jury trial. Although there is no constitutional or statutory right to appointment of counsel in a civil case, the Court may, in its

discretion, appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Also, the Court has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in this district. Members of the bar are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period. SDIL-LR 83.1(i).

In recruiting counsel, the Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *see also Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").[1] Considering the complexities of trial (including jury selection, evidentiary objections, and questioning of witnesses), the difficulty of this case now appears to exceed Plaintiff's ability to continue *pro se*.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), Attorney Anna-Katrina Christakis of the law firm Pilgrim Christakis LLP is **ASSIGNED** to represent Plaintiff Hannibal Dwan Eason at trial in this civil rights case. On or before **August 15, 2023**, assigned counsel shall enter her appearance in this case. Attorney Christakis is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the

---

[1] As a threshold question, the Court considers whether plaintiff made a reasonable attempt to obtain counsel. *Pruitt*, 503 F.3d at 654-55 (7th Cir. 2007). The undersigned previously found that Plaintiff did so. Doc. 44.

case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Christakis. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will recruit other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority

to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case by filing a motion in this case seeking an exemption from those fees.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including both substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."

As of this date, Plaintiff's contact information is:

> Hannibal Dwan Eason
> DIXON CORRECTIONAL CENTER
> 2600 North Brinton Avenue
> Dixon, IL 61021

On August 21, 2023, the Court will hold a status conference via telephone at 9:30 a.m. to select a trial date. The parties should call Judge Daly's conference line at 888-273-3658 to join the call. The access code is 1770924. The security code is 2157.

**IT IS SO ORDERED.**

**DATED: August 1, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**