IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HANNIBAL EASON, #M03226** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 20-cv-1157--RJD |
| | ) |
| **LATOYA MOORE,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Conduct Additional Discovery (Doc. 115).  As explained further, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

Plaintiff is an inmate within the Illinois Department of Corrections, currently incarcerated at Dixon Correctional Center.  He is also deaf and alleges that his hearing impairment was not reasonably accommodated at Menard Correctional Center, in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. §12101-213 ("ADA").  Plaintiff filed this suit pro se and in forma pauperis.  The parties conducted discovery and filed dispositive motions.  Following the Court's ruling on summary judgment motions, this case proceeds against Latoya Moore in her official capacity as Director of the IDOC on Plaintiff's claim for compensatory damages.  The Court also recruited counsel for Plaintiff.

Mindful that this case is over three years old, yet Plaintiff's counsel only recently became involved, the Court entered an order on September 20, 2023 that set multiple pretrial deadlines for

the jury trial scheduled on March 26, 2024.  Doc. 112.  One of those deadlines:

> **At any time prior to November 17, 2023**, Plaintiff may file a motion for leave to conduct specific, limited discovery necessary to prepare for trial.  Prior to filing the motion, counsel shall meet and confer to discuss any objections by Defendant to the proposed discovery.

*Id.*, ¶2.  **On November 17, 2023**, Plaintiff filed the instant motion, and informed the Court that "on November 16, 2023, counsel for Plaintiff conferred with Defendants' counsel about conducting this additional discovery.  Defendants counsel agreed that some additional discovery may be appropriate and the parties agreed to confer regarding the most efficient manner of completing that discovery."  Plaintiff's Motion for Leave contains an extensive list of desired discovery that seems to presume the parties are going to start over from the beginning and spend the next year answering written discovery, taking depositions, and engaging in expert discovery.

To reiterate-discovery has closed.  A jury trial is set for March 26, 2024.  The Court appreciates recruited counsel's efforts, but most of what is requested in the Motion for Leave to Conduct Discovery is beyond the scope of "specific, limited discovery necessary to prepare for trial."  For example, Plaintiff "requests leave to retain an independent expert who can testify regarding the extent of Plaintiff's hearing loss" and reasonable accommodations.  The record reflects that good cause does not exist to delay trial so that Plaintiff can obtain an expert for these purposes.  Prison officials at Menard recognized Plaintiff's hearing loss and his need for reasonable accommodations (e.g., sign language interpreters, text telephone devices, phones, hearing aids), but Plaintiff testified that those accommodations either did not work or were not available at pivotal times (e.g., no sign language interpreter was available for his medical appointments or a disciplinary hearing).  Doc. 105.

The purpose of giving Plaintiff the deadline to file a Motion for Leave to conduct "specific,

limited discovery necessary to prepare for trial" was *not* to encourage Plaintiff's counsel to spend two months developing a laundry list of requests for all information that *might* be relevant to this case. The purpose of allowing Plaintiff two months to request leave to conduct additional discovery was so that Plaintiff's newly recruited counsel might meaningfully and efficiently prepare for trial. Doc. 112, p. 1.

In light of these considerations, some of what Plaintiff has requested in his motion is reasonable. Plaintiff is granted leave to request the following items from Defendant:

- Pages 1 and 3 of the Auxilliary Aids and Services Assessment/Communication Plan identified in Defendant's document production as IDOC Document 655-656 and all other such plans that were prepared for Plaintiff while he was incarcerated at Menard.

- Emails referenced in Ron Skidmore's note in the Cumulative Counseling Summary on 7/2/20, which states that he "sent emails" concerning Plaintiff's "complaints" to the "appropriate people."

- Documents related to the meeting between Plaintiff, Anthony Wills, Angela Crain, and the "facility ADA coordinator" on November 5, 2018.

- A copy of IDOC Administrative Directive No. 04.01.111

- Identification of all ADA accessible phones (e.g., make, model etc.) available at Menard from October 2018 through May 2021.

- Documents and logs related to the maintenance of the ADA accessible phones available at Menard from October 2018 through May 2021.

The status conference currently set for December 18, 2023 is RESET to **December 11, 2023**. At the status conference, the Court will hear any objections by Defendant to producing the above documents and information. For those requests to which Defendant has no objection,

Defendant is encouraged to begin production as soon as possible. Moreover, the parties were given a November 17, 2023 deadline for exchanging Rule 26(a)(3) disclosures. If Plaintiff wants to conduct any additional discovery beyond what was requested in the instant motion and based on the information contained in those Rule 26(a)(3) disclosures, counsel shall meet and confer to discuss **any specific** objections Defendant has to said discovery on or before **December 8, 2023** and be prepared to discuss those objections at the **December 11, 2023 status conference**.

The Court recently noted typographical errors in the pretrial order that was filed on September 20, 2023: most importantly, that the parties were to **file** their Rule 26(a)(3) Pretrial Disclosures with the Court on March 22, 2023. **That date should be February 22, 2024.** Also, the limited discovery that Plaintiff is allowed to conduct must be completed by January 30, 2024 (not 2023). Furthermore, the pretrial order contained deadlines for a settlement conference, which has since been cancelled. To clarify, the following deadlines are in effect:

1. If, after reviewing Defendant's Pretrial Disclosures, Plaintiff wants to conduct additional limited discovery to prepare for trial, e.g., the deposition of a trial witness, Plaintiff's counsel shall contact Defendant's attorney and meet and confer regarding Plaintiff's proposed discovery on or before **December 8, 2023.**

2. A telephone status conference will be held on **December 11, 2023 at 10:30 a.m**. The parties should be prepared to discuss Plaintiff's additional proposed discovery, if any. Any objections by Defendant must be made at the status conference.

3. All limited discovery that Plaintiff is allowed to conduct to prepare for trial **must be completed by January 30, 2024.**

4. The parties shall file their Rule 26(a)(3) Pretrial Disclosures with the Court on **February 22, 2024.** If either party files a disclosure that contains an addition to the

   disclosure served on November 17, 2023, a motion for leave should be filed with the pretrial disclosure that explains why good cause exists for the amendment.

5. The parties shall comply with all other deadlines contained in Judge Daly's Checklist of Important Pretrial Deadlines, found on ilsd.uscourts.gov/Judges/Daly.

6. Final Pretrial Conference remains set for **March 11, 2024** at 9:30 a.m. at the Benton Courthouse.

7. Jury Trial remains set for **March 26, 2024** at 9:00 a.m. at the Benton Courthouse.

**IT IS SO ORDERED.**

**DATED: November 29, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**