IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNIBAL DWAN EASON, #M30226 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LATOYA HUGHES, )<br>)<br>Defendant. ) | Case No: 3:20-cv-01157-RJD<br><br>Magistrate Judge Reona J. Daly |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Hannibal Dwan Eason, by counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully requests leave to file his First Amended Complaint attached hereto as Exhibit 1. In support of this motion, Plaintiff states as follows:

1.  On November 2, 2020, Plaintiff filed this lawsuit *pro se* alleging that the Illinois Department of Corrections violated his rights under Title II of the Americans with Disabilities Act ("ADA") and Rehabilitation Act during his incarceration at Menard Correctional Center. (Compl., ECF No. 1.)

2.  On January 1, 2024, the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq.*, became effective and was passed in response to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022). The Restoration Act states that "[f]or decades, courts and juries have awarded damages for emotional distress for violations of federal civil rights statutes" and that "[a]s a result of the *Cummings* decision, an individual whose civil rights have been violated will be left without the full range of remedies once available." 775 ILCS 60/5. Therefore, the express "purpose of this [Restoration] Act is to restore in Illinois the full enjoyment of the civil rights unjustly limited by the U.S. Supreme Court in *Cummings*." 775 ILCS 60/5(c), 60/10.

3. To that end, the Restoration Act provides that any violation of the ADA or Rehabilitation Act "shall constitute a violation" of the Restoration Act. 775 ILCS 60/15. Additionally, claims for violation of the Restoration Act "may be filed in any court of competent jurisdiction" and Illinois has waived "sovereign and Eleventh Amendment of the United States Constitution immunity for any violation." 775 ILCS 60/30.

4. Plaintiff now seeks leave to file his First Amended Complaint to assert a claim for violation of the Restoration Act. A "court should freely give leave" at any stage in the litigation "when justice so requires" and where amendment "will aid in presenting the merits." Fed. R. Civ. P. 15(a)(2), (b)(1). Rule 15 "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend and finding that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits").

5. Here, no "good reason" exists to deny Plaintiff leave to amend his Complaint for the first time. The Restoration Act became effective January 1, 2024, so there has been no undue delay or bad faith in now presenting this claim. Furthermore, no undue prejudice exists because Plaintiff's original Complaint is founded on Defendant's violations of the ADA and Rehabilitation Act and the Restoration Act merely provides that a violation of those federal statues "shall constitute a violation of this Act." 775 ILCS 60/15.  Finally, in "restoring" the "full enjoyment of civil rights" and the "full range of remedies once available" to plaintiffs "for decades" prior to the *Cummings* decision two years ago, the

Illinois General Assembly clearly indicated an intent to make the Restoration Act retroactive. 775 ILCS 60/5(a)(c), 60/10; *Commonwealth Edison Co. v. Will Cnty. Collector*, 749 N.E.2d 964, 971 (Ill. 2001) ("if the legislature has clearly indicated what the temporal reach of an amended statute should be, then, absent a constitutional prohibition, that expression of legislative intent must be given effect").

6. Therefore, no "good reason" exists to deny Plaintiff the opportunity to file his First Amended Complaint attached hereto as Exhibit 1 and the Court "should freely give leave" to do so. Fed. R. Civ. P. 15(a)(2).

WHEREFORE, Plaintiff Hannibal Dawn Eason respectfully requests the Court grant him leave to file his First Amended Complaint.

Respectfully submitted,

HANNIBAL DWAN EASON

By: /s/ James J. Morrissey
    One of his attorneys

Anna-Katrina S. Christakis
James J. Morrissey
Pilgrim Christakis LLP
One South Dearborn Street, Suite 1420
Chicago, Illinois 60603
(312) 280-0441
kchristakis@pilgrimchristakis.com
jmorrissey@pilgrimchristakis.com

3

## **CERTIFICATE OF SERVICE**

      James J. Morrissey, an attorney, certifies that on February 1, 2024, he electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all attorneys of record.

      /s/ James J. Morrissey