IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HANNIBAL EASON, #M03226** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-1157--RJD |
| | ) |
| **LATOYA MOORE,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff is an inmate within the Illinois Department of Corrections, currently incarcerated at Dixon Correctional Center. He is also deaf and alleges that his hearing impairment was not reasonably accommodated at Menard Correctional Center, in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. §12101-213 ("ADA"). Plaintiff filed this suit pro se and in forma pauperis. The parties conducted discovery and filed dispositive motions. Following the Court's ruling on summary judgment motions, this case proceeds against Latoya Moore in her official capacity as Director of the IDOC on Plaintiff's claim for compensatory damages. The Court also recruited counsel for Plaintiff and set this case for trial on March 26, 2024.

Plaintiff filed a Motion for Leave to Amend his Complaint (Doc. 124) to bring an additional claim pursuant to the Illinois Civil Rights Remedies Restoration Act ("the Restoration Act"). The Restoration Act became effective on January 1, 2024 and provides that "a violation of..the Rehabilitation Act….[or] the Americans with Disabilities Act….shall constitute a violation of this

Act." 775 ILCS 60/15. Amending his complaint to bring the Restoration Act claim would allow Plaintiff to collect for emotional distress damages even if the jury finds that he did not suffer a physical injury. 775 ILCs 60/5.

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires, the court "may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (internal quotation omitted). Here, Plaintiff did not delay filing his motion, doing so within one month of the Restoration Act's effective date.

Defendant filed a written response to Plaintiff's motion (Doc. 127), contending that she would be prejudiced by Plaintiff's Amended Complaint because she will not be able to conduct any discovery on Plaintiff's Restoration Act claim. The Court set Plaintiff's motion for a hearing and ordered Plaintiff to provide the Court and defense counsel with the proposed elements and damages jury instructions he intended to submit if granted leave to file the amended complaint. Doc. 130. Plaintiff complied, and at the hearing, defense counsel was unable to articulate what discovery she would have done differently or would need to do to defend the Restoration Act claim. Defense counsel also explained that she would not seek leave to file another dispositive motion in this case, though she requested additional time to file a trial brief on Plaintiff's Restoration Act claim. Doc. 132. Two days later, Defendant then notified the Court that she would not be filing an additional brief. Doc. 133. Consequently, the Court finds that Defendant would not suffer undue prejudice if Plaintiff is allowed to bring his Restoration Act claim.

Defendant argues, however, that Plaintiff should not be allowed to bring the Restoration Act claim because the Prison Litigation Relief Act explicitly prohibits Plaintiff from collecting

damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury" on a federal claim. 42 U.S.C. §1997e. At the hearing, defense counsel acknowledged that Plaintiff's proposed Restoration Act claim is one of state law but contended that the Restoration Act violates the Supremacy Clause of the United States Constitution. The Supremacy Clause provides that when there is a conflict between state law and federal law, federal law prevails. *McHenry Co. v. Kwame Raoul*, 44 F. 4th 581, 587 (7th Cir. 2022). While the Court recognizes the Supremacy Clause issue as it pertains to Plaintiff's Restoration Act claim, Plaintiff's proposed amended complaint is not, at this time, futile. Accordingly, Plaintiff's Motion for Leave is GRANTED and Plaintiff shall file his proposed amended complaint as the First Amended Complaint on or before February 21, 2024. Defendant shall answer or otherwise respond in the time allowed under Federal Rule of Civil Procedure 15 (14 days). If Defendant files a motion in response to the complaint, Plaintiff shall respond within 7 days; there will be no extensions to these deadlines, in light of the rapidly approaching trial date.

Plaintiff's counsel submitted the proposed amended complaint as the exact same handwritten complaint that Plaintiff filed pro se, but then added the Restoration Act claim drafted by Plaintiff's counsel. Pursuant to the Court's previous threshold review order under 28 U.S.C. §1915A (Doc. (9) and order on Defendant's summary judgment motion (Doc. 105), this case proceeds on two claims in Plaintiff's First Amended Complaint: 1) Plaintiff's ADA/RA claim for compensatory damages regarding his time at Menard Correctional Center; and 2) Plaintiff's Restoration Act claim.

**IT IS SO ORDERED.**

**DATED: February 20, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**