IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HANNIBAL DWAN EASON, #M03226,   )
                                  )
        Plaintiff,              )
                                  )
        v.                     )        Case No.   20-cv-1157-RJD
                                    )
LATOYA HUGHES,               )
                                  )
        Defendant.          )
                                  )
                                  )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff is an inmate within the Illinois Department of Corrections, currently incarcerated at Dixon Correctional Center.  He is also deaf and alleges that his hearing impairment was not reasonably accommodated at Menard Correctional Center, in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. §12101-213 ("ADA").    In addition to this ADA and RA claim, Plaintiff also proceeds on a claim under the newly enacted Illinois Civil Rights Remedies Restoration Act.

This case is set for trial on March 26, 2024. The parties' motions in limine (Docs. 136, 137, 144, 146) are currently pending before the Court.  Evidence may be excluded in limine if the movant establishes "that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020 (N.D. Ill. 2011).  Rulings in limine may be reconsidered during trial "as the case unfolds" and "even if nothing unexpected happens at trial."   *Id.*, *quoting Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

**Plaintiff's Motions in Limine**

As a preliminary matter, Plaintiff's Motions in Limine Nos. 1-4 are not motions to exclude evidence in limine, but instead are framed as Requests for Admissions by Defendant, e.g., that Plaintiff is a qualified individual with a disability, that Defendant is a "public entity under the ADA and RA."   Defendant objects, and while the Court agrees that procedurally Plaintiff's requests are improper, questions why the parties did not just discuss among themselves whether they would agree to stipulate to these issues.   For example, in Plaintiff's Motion in Limine No. 1, Plaintiff asks the Court to find that Defendant waived the issue of administrative remedy exhaustion.   Defendant does not deny that she waived the issue of administrative remedy exhaustion.   Raising this issue with the Court is not a good use of the parties' time, nor the Court's resources.

As for Motion in Limine No. 2, the Court cannot force Defendant to stipulate that Plaintiff is a qualified individual with disability. Plaintiff's Motion in Limine No. 3, however, asks the Court to find that Defendant is a "public entity" under the ADA and RA.   Regardless of the propriety of raising this issue as a motion in limine, Defendant has no serious or good faith objection to such a finding.   The ADA and RA apply to state prisons.   *Pennsylvania Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 211 (1998); *Jaros v. Illinois Dep't. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

Plaintiff's Motion in Limine No. 4 asks the Court to find that IDOC is "responsible for the actions of Wexford Health Sources, Inc."   In addition to the procedural impropriety, Plaintiff's motion provides no basis for the Court to make such a broad finding specific to the facts of this case.

Plaintiff's Motions in Limine Nos. 1, 2, and 4 are DENIED.   Plaintiff's Motion in Limine

No. 3 is granted to the extent that the Court acknowledges the applicability of the ADA and RA to Defendant.

**5.      Evidence of prior convictions**

In a civil case, evidence of a witness's criminal conviction must be admitted for the purpose of attacking the witness's character for truthfulness if the conviction was punishable by death or imprisonment for more than one year.  Fed. R. Evid. 609(a)(1)(a).  However, the Court may exclude evidence of the conviction if "its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403.   Here, the jury will know Plaintiff was incarcerated at Menard Correctional Center.   In civil rights cases filed by inmates, the undersigned typically allows the jury to hear that the plaintiff was previously convicted of a felony for which he was serving time at the events in question.   None of the parties here have provided any justification for deviating from this practice.

**6**.      **Plaintiff's prior arrests**

Federal Rule of Evidence 404(b)(1) prohibits "evidence of any other crime, wrong, or act …to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."   Plaintiff asks the Court to bar evidence of his prior arrests. While Rule 404(b)(1) does not prohibit the admission of Plaintiff's prior arrests for certain purposes (e.g., to show intent, motive, preparation) the record and issues in this case reflect no plausible relevancy for Plaintiff's prior arrests at trial.   Plaintiff's Motion in Limine No. 6 is GRANTED to bar evidence of Plaintiff's prior arrests. However, Plaintiff also asks the Court to bar all other "supposed bad acts", but without knowing what the nature of the other "supposed bad acts," the Court declines to make such a ruling.

7.      **Plaintiff's other litigation**

The record reflects that Plaintiff intends to introduce evidence of his other cases, but he asks the Court to bar Defendant from doing so.   The Court takes Plaintiff's Motion in Limine No. 7 UNDER ADVISEMENT and will consider whether Defendant may introduce evidence of Plaintiff's other lawsuits based upon evidence introduced by Plaintiff.

8.      **Plaintiff's appearance in civilian clothes without restraints**

Plaintiff asks that the Court allow him to wear plain clothes (not his prison uniform) and be restraint-free during trial.   Plaintiff's Motion in Limine No. 8 is GRANTED IN PART AND DENIED IN PART.   The Court will allow Plaintiff to wear plain clothes and will also attempt to prevent the jury from seeing any restraints on Plaintiff; if possible, the Court will not ask Plaintiff to move from the plaintiff's table in the presence of the jury.   The Court will otherwise defer to the Illinois Department of Corrections, the U.S. Marshals Service, and courtroom security officers regarding necessary restraints.

**Defendant's Motions in Limine**

1.  **Evidence of any alleged physical injury Plaintiff received while at Menard**

In Plaintiff's Complaint, he alleged that Menard did not accommodate his communication needs.   Doc. 9.   For example, when he arrived at Menard on October 17, 2018, no interpreter was available.   Doc. 1, p. 40.   Plaintiff was handcuffed, and "upon expressing [his] ADA needs," an officer (who was not named as a defendant) assaulted him.   *Id*.; Doc. 9, p. 2.   When the "orange crush offenders" learned that he could not hear, they "mistreated" him.   Doc. 1, p. 45; Doc. 9, p. 4.

Plaintiff attempted to bring Constitutional claims in his Complaint, but those claims were dismissed pursuant to 28 U.S.C. §1915A ("threshold review") because as he failed to name any

individuals in the case caption who were personally involved in his alleged Constitutional violations.   Doc. 9, p. 6.   The Court identified one remaining claim upon which this case proceeded:

> Count 1:   Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against the Director of the IDOC in his/her official capacity for failing to accommodate Plaintiff's hearing loss

Defendant's Motion in Limine No. 1 asks the Court to bar any evidence that Plaintiff suffered a physical injury at Menard, contending that the Court's threshold review foreclosed the possibility that he could collect for physical injury damages in this case.   Defendant misreads the threshold review Order.   While Plaintiff was not allowed to proceed on any type of Constitutional claim (e.g., failure to protect, excessive force), the threshold review did not limit his damages in the ADA claim.   Plaintiff was allowed to proceed on his allegations that Menard "fail[ed] to "provide adequate communication devices and sign language interpreters and den[ied] him participation in various programming and activities."   Doc. 9, p. 8.   Plaintiff may present evidence that he was physically injured during an altercation with staff *if* he is able to establish that the altercation occurred because he was not provided an adequate means to communicate.

Defendant claims that allowing Plaintiff to present evidence of physical injury is "patently unfair" because she conducted discovery "with the belief that the claims relating [to] excessive force or other Eighth Amendment claims" were dismissed in the threshold review order.   This argument misses the point.   Plaintiff's Constitutional claims *were* dismissed in the threshold review order.   His ADA claim survived, and Plaintiff may-if his evidence establishes intentional discrimination-collect compensatory damages (including for physical injury).   *Lacy v. Cook Cty.*, 897 F.3d 847, 862 (7th Cir. 2018); Seventh Circuit Pattern Civil Jury Instructions 3.10, 4.13.

Defendant then argues that she believed "such evidence of a TACT shakedown, alleged

use of excessive force, and any alleged resultant injury would serve as a red herring to mislead the jury, confuse the issues, and cause undue prejudice to Defendant" and therefore defense counsel did not ask Plaintiff about any physical injures at his deposition, and apparently he was not asked in written discovery to identify his injuries.   The Court had ordered Plaintiff to provide Defendant with "a statement of the injuries" he suffered as part of his Initial Disclosures.   Doc. 43.   At the final pretrial conference, the parties informed the undersigned that Plaintiff (who proceeded pro se throughout discovery) never sent Defendant his Initial Disclosures.   Defendant never moved to compel those disclosures.   It was not wise for Defendant to narrow and/or forego certain discovery because she "believed" that the Court would find any physical injury allegedly suffered by Plaintiff in this case to be a "red herring."   The Court cannot make a pretrial finding that precludes Plaintiff from claiming physical injury if there was no discovery conducted regarding potential physical injuries.

At the final pretrial conference, Plaintiff's counsel explained that Plaintiff would testify that his back was injured during an altercation with the TACT team that occurred while Plaintiff was not wearing his hearing aids.   Such evidence is not, by itself, sufficient to establish that Plaintiff's back injury is related to Defendant's alleged failure to reasonably accommodate Plaintiff's hearing loss.   Outside the presence of the jury, the Court will allow Plaintiff to make an offer of proof regarding his physical injuries.   Defendant's Motion in Limine No. 1 is TAKEN UNDER ADVISEMENT.

## 2. Denial of medical and mental health treatment

Defendant contends that at trial, Plaintiff will "attempt[] to bring a deliberate indifference claim under the ADA and Rehab Act and should be prohibited from doing so."   This argument is not well-taken, as Plaintiff is proceeding on a claim for compensatory damages under the ADA

and RA.  He can only collect such damages if he demonstrates "deliberate indifference" by Defendant.  *Lacy*, 897 F.3d at 863.

Defendant then asks the Court to "prohibit Plaintiff from eliciting or introducing any evidence alleging he was denied treatment for his hearing loss."  Defendant believes that Plaintiff "will attempt to elicit testimony as to why he was not provided with cochlear implants."  In his Response to Defendant's Motion in Limine, Plaintiff does not specifically address the cochlear implants.  The Court is aware that cochlear implants involve surgery.[1]  The Court presumes the decision that Plaintiff would not receive cochlear implant surgery was made by a physician.  The denial of specific medical treatment is not actionable under the ADA.  *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996).  To the extent that Plaintiff intends to present evidence at trial and argue to the jury that Defendant failed to provide him with cochlear implants, he shall file a trial brief on or before March 19, 2024 addressing how the alleged failure amounted to a denial of the benefits of the services, programs, or activities at Menard or otherwise constituted discrimination.  *Lacy*, 897 F.3d at 863.  Defendant may file a Response brief on or before March 25, 2024. Defendant's Motion in Limine No. 2 is TAKEN UNDER ADVISEMENT.

### 3.  Expert opinions on Plaintiff's injuries

Defendant anticipates that Plaintiff will testify about his "lasting" physical and mental injuries. At the final pretrial conference, counsel for Plaintiff explained that his physical injuries include headaches and back pain.  Pain and discomfort are symptoms that a layperson can understand and offer testimony.  *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004).

Plaintiff also intends to call an audiologist to testify at trial.  The audiologist may testify to

---

[1]   Hopkinsmedicine.org.health/treatment-tests-and-therapies/cochlear-implant-surgery   (last accessed March 12, 2024).

the treatment she provided Plaintiff, as well as the observations she made when she examined/treated Plaintiff, but she may not testify as to any recommendations she made for his treatment that she did not ultimately provide to him, as such would constitute expert testimony that was not disclosed during discovery pursuant to Federal Rule of Civil Procedure 26(a)(2).

Defendant's Motion in Limine No. 3 is GRANTED IN PART. Plaintiff may not offer opinions beyond that of a layperson.   Plaintiff's audiologist shall not testify regarding any recommendations she made for Plaintiff's treatment that she did not ultimately provide to him. The audiologist may otherwise testify regarding the treatment she provided Plaintiff and the observations she made as she treated him.   Plaintiff may testify about his own observations of his condition and any pain or discomfort.

### 4. Golden rule

Plaintiff has no objection.   Defendant's Motion in Limine No. 4 is GRANTED.

### 5. Restoration Act Claim

Defendant has had multiple opportunities opportunity to address Plaintiff's recently filed claim under the Illinois Civil Rights Remedies Restoration Act.   Her argument in limine that the Act violates the Supremacy Clause of the United States Constitution is an argument for a dispositive motion, not a motion in limine.   Defendant's Motion in Limine No. 5 is DENIED.

### 6. Defendant's failure to comply with its own policies and procedures

Defendant intends to call at least one witness who will testify at trial regarding "the policies and procedures regarding ADA and RA compliance within the Illinois Department of Corrections", but simultaneously asks the Court to prohibit Plaintiff from presenting evidence that Defendant violated those policies and procedures.   Defendant fails to meet her burden of establishing that IDOC's failure to comply with its own policies and procedures is not relevant for

Page **8** of **9**

any purpose, and her Motion in Limine No. 6 is therefore DENIED.   The Court acknowledges that if evidence is presented that Defendant failed to follow a policy or procedure, a limiting jury instruction will be appropriate.

**7.   Other lawsuits and claims against IDOC and/or the TACT team**

Plaintiff was a member of the *Holmes v. Godinez* class; he and other hearing impaired inmates reached a settlement agreement with IDOC in 2018 regarding accommodations for their hearing loss.   *See*, *e.g*., Doc. 105, p. 2.   For approximately five years after the settlement agreement was approved, the *Holmes* court continued to monitor IDOC's compliance with the consent decree. Plaintiff contends that throughout the monitoring process, Defendant made judicial admissions to the *Holmes* Court regarding accommodations for hearing impaired inmates at Menard while Plaintiff resided there.    The Court has reviewed one particular statement cited by Plaintiff. *Holmes v. Godinez*, Case No. 11-cv-2961, Doc. 478-15 (N.D. Ill. Feb. 13, 2019).   It appears to be relevant to this case.

As for lawsuits against the TACT team, the Court has not yet determined whether evidence of Plaintiff's interactions with the TACT team may be admitted at trial.   In his Response to Defendant's Motion, Plaintiff makes no mention of evidence regarding TACT team lawsuits.   The Court presumes that even if evidence regarding the TACT team is admissible at trial, evidence of any TACT team lawsuits would likely be prohibited by Federal Rule of Evidence 404(b).

Defendant's Motion in Limine No. 7 is TAKEN UNDER ADVISEMENT.

**IT IS SO ORDERED.**

**DATED: March 13, 2024**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

Page **9** of **9**